United States District Court
For the Northern District of California

***E-Filed 8/24/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RAUL LEUVANO,

Plaintiff,

v.

HOWARD CHIEN,

Defendant.

______________________________________/

No. C 08-5784 RS

**ORDER OF DISMISSAL**

Plaintiff Raul Leuvano requests dismissal with prejudice of his Fair Labor Standards Act ("FLSA") claim against his employer, Howard Chien. Because the defendant has filed an answer, Leuvano requests an Order of Dismissal from this Court, pursuant to Federal Rule of Civil Procedure 41(a)(2). Leuvano's FLSA claim is his sole federal claim. Leuvano further requests that the Court decline to exercise supplemental jurisdiction over his state law claims, pursuant to 28 U.S.C. § 1367(c)(3). The defendant has not filed papers in opposition. This matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the motion hearing scheduled for August 26, 2010 is **vacated**.

In his Complaint, Leuvano seeks liquidated damages under the FLSA, 29 U.S.C. § 216(b), for failure to pay overtime wages; compensatory damages for unpaid wages, missed meal and rest

United States District Court
For the Northern District of California

period premiums, and waiting time penalties under California Labor Code § 203; damages for inadequate pay statements under California Labor Code § 226; restitution under the California Trade Practices Act; and attorney's fees, costs, and interest pursuant to California Labor Code § 1194(a). In the course of discovery, Leuvano avers that the defendant denied his business ever met the gross income requirements contemplated by the FLSA. *See* 29 U.S.C. § 207(a)(1) (limiting the statute's scope to enterprises "engaged in commerce"); 29 U.S.C. § 203(s) (defining "enterprise engaged in commerce" as one that has attained a gross annual income in excess of $500,000). Accordingly, Leuvano acknowledges that he lacks a colorable claim under the FLSA. His FLSA claim shall therefore be dismissed with prejudice.

Leuvano also recognizes that this Court has supplemental jurisdiction over his state-law claims, as they involve the same case or controversy as his underlying (although apparently meritless) federal claim. A district court may, he points out, dismiss any claims over which a court has supplemental jurisdiction when supporting federal claims have all been dismissed prior to trial. 28 U.S.C. § 1367(c)(3). As the Supreme Court has explained, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1999). This is the case here. Most obviously, plaintiff seeks to apply and enforce California law. Moreover, despite the fact that this case is more than two years old, plaintiff's dismissal motion is the first dispositive motion filed in the case. Although the parties have at least engaged in discovery, the Court has not invested time or thought resolving any merits-related issues. Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims; these are dismissed without prejudice.

United States District Court
For the Northern District of California

IT IS SO ORDERED.

Dated: 8/24/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE